IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARSHALL MARTINEZ, #A0712871<br><br>Petitioner,<br><br>v.<br><br>STATE OF HAWAII,<br><br>Respondent. | CIVIL NO. 22-00338 DKW-WRP<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, filed by pro se Petitioner Marshall Martinez. In the Petition, Martinez offers his latest challenge to the legality of his sentence in *State v. Martinez*, Cr. No. 7716 (Haw. 2d Cir. Ct. Jan. 27, 1988). Martinez contends that his extended term sentence was rendered invalid by the Hawaii Supreme Court's subsequent decision in *State v. Maugaotega*, 115 P.3d 562 (Haw. 2007).

For the following reasons, the Petition is DISMISSED without prejudice as second or successive pursuant to 28 U.S.C. § 2244. Any request for a certificate of appealability is DENIED.

# I. DISCUSSION

Prior to filing a second or successive petition under 28 U.S.C. § 2254 in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020). Unless and until the Ninth Circuit authorizes a district court to consider a second or successive petition for writ of habeas corpus, the court lacks jurisdiction to do so. *See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court."); *Brown v. Muniz*, 889 F.3d 661, 67 (9th Cir. 2018) ("If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it.").

Here, Martinez previously filed several petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254, at least one of which was dismissed on the merits, with prejudice. *See Martinez v. Sumner*, Civ. No. 89-00770 ACK-BMK (D. Haw. 1992); *see also Martinez v. Penarosa*, Civ. No. 96-01208 ACK-BMK (D. Haw. 1997); *Martinez v. State of Hawaii*, Civ. No. 08-00388 JMS-KSC (D. Haw. 2008); *Martinez v. Penarosa*, Civ. No. 99-00028 HG (D. Haw. 1999); *Martinez v. Espinda*, Civ. No. 01-00504 SOM-KSC (D. Haw. 2001); *Martinez v. Thomas*, Civ.

No. 12-00515 JMS-RLP (D. Haw. 2012); *Martinez v. State of Hawaii*, Civ. No. 17-00184 JMS-RLP (D. Haw. 2017).[1] Thus, the instant Petition is second or successive and the Court lacks jurisdiction to consider it without authorization from the Ninth Circuit.[2] *See* 28 U.S.C. § 2244(b)(3)(A); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar.").

## II. CONCLUSION

(1) This action is DISMISSED without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

---

[1]Martinez also has attempted to challenge his state sentence by filing petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Martinez v. Thomas*, Civ. No. 19-00251 DKW-KJM (D. Haw. 2019); *Martinez v. Thomas*, Civ. No. 19-00457 LEK-RT (D. Haw. 2019); *Martinez v. Frink*, Civ. No. 20-00331 SOM-WRP (D. Haw. 2020). These actions were also dismissed without prejudice.

[2]Nothing suggests that Martinez is relying on either a new rule of constitutional law made retroactive by the United States Supreme Court or new facts that were previously not discoverable. *See* 28 U.S.C. § 2244(b)(2)(B). To the extent Martinez is relying on the Hawaii Supreme Court's 2007 decision in *Maugaotega*, that reliance is misplaced for at least two reasons. First, *Maugaotega* does not apply retroactively. *See Ortiz v. Unidentified*, Civ. No. 16-000259 SOM/KSC, 2016 WL 3172733, at *3 (D. Haw. June 6, 2016) (concluding that *Maugaotega* does not apply retroactively to extended term sentences). Second, and more fundamentally, *Maugaotega* is not a decision of the United States Supreme Court. *See Whitby v. Thomas*, Civ. No. 10-00287 HG-BMK, 2010 WL 3184766, at *7 n.9 (D. Haw. Aug. 10, 2010) ("[T]he Hawaii Supreme Court's decisions do not constitute rights newly recognized by the United States Supreme Court made retroactively applicable to cases on collateral review.").

(2) Any certificate of appealability is DENIED, because "jurists of reason would" not "find it debatable" that this Court lacks jurisdiction over the Petition without authorization from the Ninth Circuit. *See Petrocelli v. Angelone*, 248 F.3d 877, 883–84 (9th Cir. 2001).

(3) The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 1, 2022.




/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Martinez v. State of Hawaii*; Civil No. 22-00338 DKW-WRP; **ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**